# DECLARATION OF SUSAN M. ROTKIS

I, Susan M. Rotkis, am the age of majority and am competent to testify to the following facts, of which I have personal knowledge. Under the penalty of perjury pursuant to the laws of the United States, I declare:

1. I am the attorney representing the Plaintiff, David Denton, in this action.

2. I am one of the attorneys who previously represented Mr. Denton in separate, prior actions against JPMorgan Chase & Co and JPMorgan Chase Bank.

3. I am a member in good standing of the Supreme Courts and state bars of Virginia and Arizona. I am admitted to practice in the federal courts in the Eastern and Western Districts of Virginia, the District of the District of Columbia, the Fourth Circuit, the District of Arizona, and the Supreme Court of the United States.

4. I was graduated from Georgetown University Law Center in 1996. I served two judicial clerkships at the elbows of two United States Magistrate Judges for a total of nearly 8 years. I clerked in the Western District of Texas for the Hon. Michael S. McDonald and in the Eastern District of Virginia for the Hon. Dennis W. Dohnal. I have served as in-house counsel at both a large, national non-profit, as well as a private corporation. I was legal and legislative counsel for the National Center for Missing & Exploited Children. I was general counsel for Total Immersion Software, Inc. (now Cubic). Since 2010, when I first joined Consumer Litigation Associates in Newport News, VA, I have focused my practice solely on the representation of consumers.

5. I have represented consumers in over 350 federal and state lawsuits, primarily pursuant to the Fair Credit Reporting Act, Equal Credit Opportunity Act, the Fair Debt Collection Practices Act, and various state consumer protection statutes.

6. This Declaration is made in compliance with Fed. R. Civ. P. 56(d), because the Plaintiff has not had the opportunity to conduct any discovery into the facts that are alleged as undisputed by the moving Defendants.

7. I filed the Complaint in this matter after conducting extensive inquiry into the facts then available to the Plaintiff.

8. On or about December 2, 2019, I consented to the request by Counsel for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, to extend the time to file an Answer. Instead of filing an Answer, JPMorgan Chase & Co. and JPMorgan Chase Bank (Defendants or Chase Defendants) filed a frivolous Motion to Dismiss and premature Motion for Summary Judgment.

9. On several occasions between December 2, 2019, and December 17, 2019, Ms. Smith and I corresponded back and forth engaging in an effort to settle the matter quickly.

10. In order to assess the Defendants' position on the matter, Plaintiff requested informal discovery and agreed to keep all such informally produced documents provisionally confidential pending a formal agreed protective order. (Email exchange between Rotkis & Smith)(Ex. 1.)

11. I provided a detailed list of the documents Plaintiff sought, but Defendants refused to produce any informal discovery. (Ex. 1.) At least some of the documents I

requested to be produced informally, such as the policies and procedures for inactive accounts, Chase refused to produce confidentially to Plaintiff but instead filed as exhibits to their Motion for Summary Judgment. (Ex. 1; ECF 49-1, 49-2 through 49-4).

12. Although it is the custom in Newport News Division of the Eastern District of Virginia for the Court to set the date of the Rule 26(f) conference in its preliminary scheduling order, Plaintiff requested early dates to hold the Rule 26(f) conference in accordance with Rule 26(f) itself. The Chase Defendants declined to participate until after the Court enters the preliminary scheduling order. (Ex. 2)

13. Despite the fact that the Plaintiff has endeavored to obtain informal discovery from Chase, that Plaintiff has agreed to hold documents confidential provisionally, that Plaintiff has attempted to schedule a Rule 26(f) conference, Chase has refused to engage in any exchange of information relevant to the case. Instead, Chase has moved for summary judgment based on its own self-serving version of facts without affording the Plaintiff the opportunity to conduct discovery of information that is uniquely in its possession.

14. Plaintiff has alleged facts that, taken as true, state a claim that Chase's story that it closed Mr. Denton's account due to inactivity was a pretext in violation of the Equal Credit Opportunity Act. Instead, the facts in the Complaint allege that Mr. Denton settled and dismissed his prior case against Chase in September of 2019 and closure of his account was in retaliation for his lawsuit against Chase. Chase claims that it decided in October of 2019 to close his account, the very next month after dismissing the lawsuit. Plaintiff will seek discovery of Chase's definition, policy, and procedure for closing

3

accounts due to inactivity, and test whether it was applied evenly despite a consumer's exercise of rights under the Consumer Credit Protection Act. Plaintiff will seek discovery related to specifically to him and his exercise of his rights. This information is typical of discovery sought in both ECOA and FCRA cases.

15. Plaintiff has alleged a violation of the Adverse Action notice requirements of the ECOA, which require a timely notice of the primary and truthful reason for and adverse action. Since Plaintiff has alleged that "inactivity" was pretext, it naturally follows that if Chase did send an adverse action notice with "inactivity" as a reason, that it was not the prime and truthful reason. The prime and truthful reason was unlawful retaliation.

16. Plaintiff is entitled to discovery to test whether and when Chase decided to close Mr. Denton's account, whether and how it generated and sent an adverse action notice, including the policies and procedures for such notices.

17. Plaintiff has alleged a violation of the Fair Credit Reporting Act's requirement that Chase conduct a reasonable investigation of Mr. Denton's dispute. Mr. Denton disputed the reporting that the account was closed at "credit grantor's request." If, as Chase argues, it in fact closed the account due to inactivity, Plaintiff is entitled to discover the reason that Chase did not use the correct indicator "closed due to inactivity" with respect to Mr. Denton, as prescribed in the Credit Reporting Resource Guide (CRRG).

18. Mr. Denton has adequately alleged the existence of an injury in fact as well as damages as a result of Chase's conduct, including attorneys' fees. Compl. ¶¶ 27, 62.

4

19. In addition to refusing informal discovery and prematurely moving for summary judgment and to dismiss, Chase has unnecessarily multiplied litigation costs in responding to two frivolous motions, which costs possibly could have been mitigated through early exchange of discovery.

20. Chase has threatened Rule 11 sanctions, all the while embargoing access to information that could bring this matter to a close. (Ex. 2).

21. Not only has no discovery taken place, the Chase Defendants have thwarted any kind of information exchange. The case is in the nascent and completely inappropriate for summary judgment. The Plaintiff has not been lax in pursuing discovery, but instead has extended the courtesy and engaged in good faith discussions with counsel for the Chase Defendants. If the Defendants had produced the policies and procedures as requested in December, the parties may have had a productive discussion and might have been able to settle the matter. (Ex. 1.)

22. Filing a premature motion for summary judgment is a litigation tactic used by Chase, which unnecessarily multiplies litigation costs and thwart merits discovery. *See, e.g. JPMorgan Chase v. Synergy Pharmacy Servs.*, Civ. 8:18CV1253 (M.D. Fla. Aug. 30, 2019)(denying as premature a motion for summary judgment, which Chase filed with three months before the close of discovery and four months before dispositive motions were due); *Johnson v. JP Morgan Chase*, Civ. 1:08CV81 (E.D.Cal. Jan. 9, 2009)(ECF 126)

23. In my experience litigating FCRA cases, I have learned through discovery financial services entities often use third party vendors to generate, mail and track "automated" communications with consumer such as adverse action letters. Chase has

produced no evidence of how it generates and mails its automated correspondence. I would seek in discovery the automated process documents and testimony, any deviations or variables from the automated process, how such documents are selected, generated, mailed and tracked.

24. Made this 26th day of January, 2020, in Tucson, Arizona,

*Susan M. Rotkis*
Susan M. Rotkis

# EXHIBIT 1

### Re: Denton v. Chase: extension of time to file an answer and demand

**Susan Rotkis <Susan@pricelawgroup.com>**
Tue 12/17/2019 9:13 AM

**To:** Smith, Colleen <CSmith@cov.com>
**Cc:** Florence Lirato <florence@pricelawgroup.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>; Soukup, Andrew <asoukup@cov.com>

Dear Ms. Smith

Without the documentation supporting your client's version of events, my client has instructed me to reject your client's counteroffer by letting it expire. For an early production of the documents we identified, we would be receptive to a provisional confidentiality agreement.

Susy

---

**From:** Smith, Colleen <CSmith@cov.com>
**Sent:** Tuesday, December 17, 2019 8:57 AM
**To:** Susan Rotkis <Susan@pricelawgroup.com>
**Cc:** Florence Lirato <florence@pricelawgroup.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>; Soukup, Andrew <asoukup@cov.com>
**Subject:** RE: Denton v. Chase: extension of time to file an answer and demand

*Confidential Settlement Communication*

Good morning, Ms. Rotkis,

[redacted]

Regards,

**Colleen Smith**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5431 | csmith@cov.com
www.cov.com

# COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Susan Rotkis <Susan@pricelawgroup.com>
**Sent:** Thursday, December 12, 2019 2:37 PM
**To:** Smith, Colleen <CSmith@cov.com>
**Cc:** Florence Lirato <florence@pricelawgroup.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>; Soukup, Andrew <asoukup@cov.com>
**Subject:** Re: Denton v. Chase: extension of time to file an answer and demand

[EXTERNAL]
Dear Colleen

Thank you for your email. I will pass it along to my client, though I do not believe he will accept. If we are able to reach an agreement, and in an effort to reduce the cost to issue third party subpoenas, we will need your client's agreement to produce the ACDVs.

Susy

---

**From:** Smith, Colleen <CSmith@cov.com>
**Sent:** Thursday, December 12, 2019 12:20 PM
**To:** Susan Rotkis <Susan@pricelawgroup.com>
**Cc:** Florence Lirato <florence@pricelawgroup.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>; Soukup, Andrew <asoukup@cov.com>
**Subject:** RE: Denton v. Chase: extension of time to file an answer and demand

*Confidential Settlement Communication*

Ms. Rotkis,



Regards,

**Colleen Smith**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5431 | csmith@cov.com
www.cov.com

**COVINGTON**

---

**From:** Susan Rotkis <Susan@pricelawgroup.com>
**Sent:** Tuesday, December 10, 2019 5:12 PM
**To:** Smith, Colleen <CSmith@cov.com>
**Cc:** Florence Lirato <florence@pricelawgroup.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>; Soukup, Andrew <asoukup@cov.com>
**Subject:** Re: Denton v. Chase: extension of time to file an answer and demand

[EXTERNAL]
Dear Ms. Smith

Thank you for your email. Mr. Denton appreciates your client's counteroffer and has authorized me to counter to settle all claims for ▇

Susy

---

**From:** Smith, Colleen <CSmith@cov.com>
**Sent:** Tuesday, December 10, 2019 1:25 PM
**To:** Susan Rotkis <Susan@pricelawgroup.com>
**Cc:** Florence Lirato <florence@pricelawgroup.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>; Soukup, Andrew <asoukup@cov.com>
**Subject:** RE: Denton v. Chase: extension of time to file an answer and demand

*Confidential Settlement Communication*

Ms. Rotkis,

▇



Regards,

**Colleen Smith**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5431 | csmith@cov.com
www.cov.com

**COVINGTON**

---

**From:** Susan Rotkis <Susan@pricelawgroup.com>
**Sent:** Friday, December 6, 2019 3:23 PM
**To:** Smith, Colleen <CSmith@cov.com>
**Cc:** Florence Lirato <florence@pricelawgroup.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>; Soukup, Andrew <asoukup@cov.com>
**Subject:** Re: Denton v. Chase: extension of time to file an answer and demand

[EXTERNAL]
Dear Ms. Smith

Thank you for the email and your counteroffer. I will communicate your client's offer to my client and get a response to you soon. However, the offer is a negative offer at this point.

In support of your client's position, would you be willing to make an informal document production so that I can counsel my client on your position. Specifically, please provide your client's policy and procedures for defining and taking action on "inactive" accounts, any document necessary to understand your client's definition of inactive account and its exceptions, your client's policy and procedure for coding an account as closed by credit grantor as opposed to closed due to inactivity. The FCRA is not a strict liability statute, and while some courts have reasoned that the violation of the Metro-2 guidelines isn't a per se FCRA violation, a furnisher must still report an account accurately and so as not be misleading. I also caution that it is bizarre that, without conducting any discovery, Chase believes that the consumer has suffered no damages. Mr. Denton's position is that the reporting of the Chase account was inaccurate and misleading. If it was closed due to inactivity, as Chase claims, it is inaccurate to report account as closed by the credit grantor when it was closed due to inactivity on his consumer report. Mr. Denton disputed this reporting, and it was not corrected. When there is a balance on an account, and the account is closed by the credit grantor, it has a deleterious effect on a consumer's score. In addition, creditors considering an application for credit can see that as adverse information.

Sincerely

Susy

**From:** Smith, Colleen <CSmith@cov.com>
**Sent:** Friday, December 6, 2019 1:05 PM
**To:** Susan Rotkis <Susan@pricelawgroup.com>
**Cc:** Florence Lirato <florence@pricelawgroup.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>; Soukup, Andrew <asoukup@cov.com>
**Subject:** RE: Denton v. Chase: extension of time to file an answer and demand

*Confidential Settlement Communication*

Counsel,





Regards,

**Colleen Smith**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5431 | csmith@cov.com
www.cov.com

# COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Susan Rotkis <Susan@pricelawgroup.com>
**Sent:** Monday, December 2, 2019 5:57 PM
**To:** Smith, Colleen <CSmith@cov.com>
**Cc:** Florence Lirato <florence@pricelawgroup.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>
**Subject:** Denton v. Chase: extension of time to file an answer and demand

[EXTERNAL]
Dear Ms. Smith

How nice it was to speak to you and meet you by phone this afternoon. I am writing to follow up that we agreed to enlarge the time to file an Answer to be Jan. 11 in light of the holidays and your other obligations. I am sure to request the courtesy of an extension of time at some point. In an effort to perhaps avoid the unnecessary expenditure of attorney time in this matter, Mr. Denton has authorized me to provide a demand for the settlement of the claims in his Complaint. Mr. Denton will dismiss the action against the Chase defendants for ▮▮▮▮ This is an early demand representing statutory damages, actual damages, attorneys fees and costs to date. The demand will remain open through Dec. 12.

Sincerely,

Susan M. Rotkis

# EXHIBIT 2

### Re: Denton v. Chase - Offer of Judgment

**Susan Rotkis <Susan@pricelawgroup.com>**
Tue 1/21/2020 12:55 PM
**To:** Smith, Colleen <CSmith@cov.com>
**Cc:** Florence Lirato <florence@pricelawgroup.com>; Jacey Gutierrez <Jacey@pricelawgroup.com>; David Chami <david@pricelawgroup.com>

Dear Ms. Smith

This appears to be an invalid and negative OOJ, and certainly one of the least compelling I have seen in a long time considering the admonition of the U.S. Supreme Court in its landmark *Marek v. Chesny* decision. It certainly doesn't represent more than the Plaintiff could win at trial, especially when statutory damages are available under the ECOA at $10,000 and under the FCRA at $1,000.00.  This doesn't even take into account the uncapped, unliquidated actual and punitive damages, costs and reasonable attorneys fees all of which are non-exclusive.  Mr. Denton's costs and attorneys fees to date are well in excess of the offer, and the offer attempts to undo one of the most enticing effects of the rule -- entry of judgment against the Defendant on all counts of the complaint. Oddly, it refers to settlement, and thus it is more than a little confusing.

Your letter is perhaps the most disingenuous account of what has happened to date.  Plaintiff has not declined to provide any evidence. We have, in fact, engaged in informal discovery.  Chase has declined to provide informal discovery that Plaintiff represented would be relied upon to make a decision to dismiss the case. Instead of doing so, Chase chose to multiply litigation by filing dispositive motions instead of providing Plaintiff with the informal discovery requested.

You and I have not been opposite each other, but please know that gamesmanship is really not tolerated well by the court and I will point it out when necessary.  My client has more than enough of a good faith basis to support his claims at this stage.

Susy

---

**From:** Smith, Colleen <CSmith@cov.com>
**Sent:** Friday, January 17, 2020 2:51 PM
**To:** Susan Rotkis <Susan@pricelawgroup.com>
**Subject:** Denton v. Chase - Offer of Judgment

Ms. Rotkis,

On behalf of JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A., please find attached for service a letter and an offer of judgment.

Regards,

**Colleen Smith**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5431 | csmith@cov.com
www.cov.com

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

**Colleen Smith**

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5431
csmith@cov.com

**By Email and FedEx**

January 17, 2020

Susan Rotkis
Price Law Group, APC
382 S. Convent Ave.
Tucson, AZ 85701
susan@pricelawgroup.com

Dear Ms. Rotkis:

    Please find attached a Rule 68 Offer of Judgment. This Offer of Judgment expires February 3, 2020. As you are aware, if Mr. Denton does not obtain a judgment more favorable than this offer, then he "must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

    This Offer of Judgment significantly exceeds any recovery Mr. Denton could hope to obtain in this case. As Chase has demonstrated through sworn testimony, Mr. Denton's ECOA claims have no chance of success because Chase closed his account due to inactivity using an automated process that could not take into account his prior suits against Chase. Mr. Denton's FCRA claims will also fail because, among other reasons, Mr. Denton has not alleged—and cannot prove—the elements necessary to recover actual or punitive damages.

    Most troublingly, however, is Mr. Denton's contention that it was inaccurate for Chase to report Mr. Denton's account as closed at the grantor's request. Mr. Denton's FCRA claim rests on the premise that creditors treat reporting that an account was "closed at the grantor's request" differently than "closed due to inactivity." Chase has asked you for the "evidentiary support" to substantiate this premise, Fed. R. Civ. P. 11(b)(3), and you have declined to provide it. If Mr. Denton in fact lacks any such support, then he has filed this case "in bad faith," and he will be liable to Chase for the attorney's fees it has expended defending this case. 15 U.S.C. §§ 1681n(c), 1681o(b).

    Chase therefore strongly encourages Mr. Denton to accept its Offer of Judgment. If Mr. Denton does not, and he does not otherwise dismiss his claims against Chase by February 3, 2020, then Chase is fully prepared to seek to recover the fees and costs it incurs defending this action as permitted by §1681n(c), §1681o(c), and Rule 68(d).

Regards,

*/s/ Colleen Smith*
Colleen Smith

Attachment:
Offer of Judgment