# Exhibit 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| | |
|---|---|
| **DAVID D. DENTON,** | Civil Action No. 4:19-cv-114 |
| **Plaintiff,** | |
| v. | |
| **JPMORGAN CHASE & CO.;** **CHASE BANK USA, N.A.;** **EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; LANGLEY FEDERAL CREDIT UNION; and TRANSUNION LLC,** | |
| **Defendants.** | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JPMORGAN CHASE & CO., AND CHASE BANK USA, N.A.**

Pursuant to Fed. R. Civ. P. 34 and 26(d)(2), Plaintiff David Denton ("Plaintiff") requests that Defendant JPMorgan Case & Co., and Chase Bank USA, N.A. ("Defendants" or "Chase") produce the following documents to Plaintiff at PRICE LAW GROUP, APC, 382 S. Covent Ave. Tucson, AZ 85701 no later than thirty (30) days from the date of this request unless otherwise provided by rule or order of the court. Documents shall be produced electronically in searchable, .pdf format. Responses shall be served by electronic means including but not limited email, FTP site, or external drive or storage device. Hard copies/paper responses are specifically not requested unless otherwise impossible to produce electronically. If production in searchable .pdf format is impossible, the Defendant is requested to contact the Plaintiff to meet and confer to agree on manner of production not less than ten days prior to the date on which responses are due.

## INSTRUCTIONS

1. In answering these Discovery Requests, please furnish all information that is available to you including without limitation, information in the possession of your principals, agents, attorneys(s) and accountants, and not merely information known to the personal knowledge of the person(s) preparing the responses.

2. You have a continuing duty to supplement your responses to these requests if and when you obtain responsive documents, or documents which add to or are in any way inconsistent with your initial production.

3. In producing the documents designated below, you are requested to furnish all documents in your possession custody, or control, or that of your attorneys, employees, agents, investigators, or other representatives from which you have the ability to secure these documents.

4. If, for any reason, you are unable to produce in full any document requested, produce each such document to the fullest extent possible, specify the reasons for your inability to produce the remainder, and state in detail whatever information, knowledge or belief you have concerning the whereabouts and substance of each document not produced in full.

5. In the event you seek to withhold or do withhold any document in whole or in part, on the basis that it is not subject to discovery due to a privilege, describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Please produce a privilege log of all such documents stating:

   a. The name of each author, writer, sender or initiator of each such document;
   b. The name of each recipient, addressee or party to whom such document was sent to, or intended;
   c. The name of each and every person who received a copy of the document;
   d. The date of the document or, if no date appears on the document, the date the document was prepared;

2

  e. The title of the document, or if it has no title, then such other description of the document and its subject matter as shall be sufficient to identify the document; and

  f. The grounds claimed for withholding the document from discovery (e.g., the attorney-client privilege, work product, or any other grounds), and the factual basis for such claim.

6. If the responding party intends to withhold any documents from production pending the entry of a stipulated protective order, such protective order shall be submitted to Plaintiff for consideration at least 10 days prior to the date the responses are **originally** due. Absent compliance with this section, Plaintiff will not agree to the entry of a protective order.

7. Unless otherwise requested, the time period for which documents are sought is five years prior to the filing of the Complaint through the present.

## DEFINITIONS

1. "Account" refers to credit that Plaintiff obtained from Chase.

2. "Communication" or "Correspondence" includes any oral, written, electronic, or other means to exchange information.

3. "Document" means the original and any copy, regardless of origin or location of any book, correspondence, pamphlet, periodical, letter, e-mail, computer screens, computer disk or computer program, memorandum, telegram, report, record, study, hand-written note, map, drawing, working paper, chart, paper, graph, index, tape, data sheet, data processing card, or any other written, recorded, transcribed, electronically recorded or stored, punched, taped, filmed, photographic or graphic matter, microfiche, or computer disk, computer tape, or any other entry, however produced or reproduced.

4. "Defendant", "you", "your", means the party upon whom the request is served, any parent or subsidiary corporation, any predecessor corporation, any corporation in which the party has a controlling interest, and all joint venturers, partners, agents, employees, officers, directors and persons acting for the party.

5. "File" has the meaning contained in 15 U.S.C. § 1681a(g).

6. "Consumer report" has the meaning contained in 15 U.S.C. § 1681a(d).

7. "ACDV" refers to Automated Credit Dispute Verification.

8. "CDV" refers to Consumer Dispute Verification.

9. "UDF" refers to Universal Dataform.

10. "AUD" refers to Automated Universal Dataform.

11. "Furnish", "Furnisher(s)", "Furnishing", or "Furnished" means to provide or be the source of information related to Plaintiff's credit report.

12. "Manuals, guides, or other materials" means the documentation that assists or trains Defendant's employees in performing a specific task.

13. "Record" refers to any collection of information or documentation of events, created by any means.

14. "Manuals, tests, video tapes, books or other documents" means the information given to Defendant's employees to ensure compliance with the Fair Credit Reporting Act ("FCRA").

15. "Personal identifier(s)" means any information that is related to the Plaintiff such as, but not limited to, social security number, date of birth, address, account number, customer number, and any unique identifier used by You or Your agents to identify the Plaintiff.

16. "Reinvestigation of disputed information" has the same meaning contained 15 U.S.C. § 1681i(a).

17. If you claim any document requested is not required to be produced as a result of the application of any privilege or other protection against discovery, including but not limited to, the attorney/client privilege or the attorney work product doctrine, you are required to identify such documents, stating the author, recipient, date and subject matter with sufficient particularity that a determination can be made with respect to the applicability of any claim of privilege or other protection against discovery.

18. Any term that is defined in the accompanied Request for Admissions and First Set of Interrogatories applies here as well.

19. If a term or phrase is not defined herein, it shall be defined by the Fair Credit Reporting Act, if therein. Otherwise, all terms and phrases shall be given their plain and ordinary meaning.

## DOCUMENTS REQUESTED

1. Any correspondence exchanged between the co-defendants in this case, including but not limited to their attorneys within three years preceding the filing of the Complaint to the present. (If lodging a privilege objection, you must have complied with the privilege log requirements of Fed. R. Civ. P. 26(b)(5), which is explained in paragraph 5).

2. All documents You have concerning the Plaintiff, including but not limited to records referenced in paragraphs 7 and 12 of the Jessica Crook January 10, 2020, Declaration (ECF 44-1)(Crook Decl.) consumer reports, credit reports, consumer disclosures, updates, applications, investigations, assessments, reviews, accounts, account history, correspondence, or other compilation of information including the Plaintiff's file, both presently and in the past, including any historical or archived documents.

3. All records of communications between Plaintiff and Chase, including all documents, audio recordings, records of telephonic or electronic communications, log books or other records.

5. All documents containing the current names addresses and telephone numbers of persons who communicated with Plaintiff, worked on any aspect of Plaintiff's disputes, or altered any information in Plaintiff's file. Defendant may produce a list of witnesses with names, addresses and telephone numbers in lieu of the documents requested.

6. All documents relating to any reinvestigation of any information in Plaintiff's file, including but not limited to any CDV's, ACDV's, responses, notes, screens,

logs, internal memoranda, correspondence or supporting documentation within three years preceding the filing of the Complaint to the present.

7. The complete, unredacted, Risk Management document containing the "Natural Reissue" policy in force from October of 2015 through January of 2019. An excerpt of the March 2018 Risk Management document is reference by the Crook Decl. ¶ 9 and attached as ECF 44-3. For avoidance of doubt, the Plaintiff seeks the complete document from which ECF 44-3 was excerpted, as well as all versions of the document from October of 2015 through January 2019.

6. All documents pertaining to or referencing the lawsuits referenced in paragraph 5 of the January 10, 2020, Jessica Crook Declaration.

9. All documents that reference active accounts, inactive accounts, and any variations or exceptions to the criteria for closing active and inactive accounts, including but not limited to policies, procedures, correspondence, notes of meetings, emails, and messages.

10. Your document retention policy.

11. All documents referencing, describing, explaining, communicating, or containing information about Your obligation, interpretation(s), opinion(s), guidance or advice of any kind upon which you relied to form your reading or understanding of your duty to report the status of an account as closed to credit reporting agencies.

12. All documents, including your policies and procedures, internal notes and correspondence, that explain or reference Your reporting to consumer reporting agencies the circumstances under which an account was closed.

13. All documents that explain your Equal Credit Opportunity Act compliance policies, procedures, and interpretations.

14. All documents that contain the instructions, algorithms, policies, procedures, protocols that Your automated system uses to code accounts as "inactive" and referenced in Crook Decl. ¶ 10-11, 13.

15. Your mail department (or department responsible for mailing) policies and procedures for receiving, generating, mailing, and keeping track of correspondence to your customers related to account closure, inactive accounts, and adverse actions on existing account.

16. If Your mail department (or department responsible for mailing) doesn't perform the activities in paragraph 15, please provide your agreement with any third party with whom you have contracted to perform such tasks described in paragraph 15.

17. Documents evidencing Your net worth for the three fiscal years prior to the filing of the Complaint.

18. All documents that evidence Your interpretation(s), opinion(s), guidance or advice, reading, understanding, policies and procedures for reporting to a consumer reporting agency that an account was closed by credit grantor.

19. All documents that evidence Your interpretation(s), opinion(s), guidance or advice, reading, understanding, policies and procedures for reporting to a consumer reporting agency that an account was closed due to inactivity.

20. All documents, manuals, guides, or other materials relating to reinvestigation of disputed information.

21. All documents that state the meaning or definition of any codes, shorthand, terms, or abbreviations appearing in any of the requested documents herein.

7

22.     All documents related to your use of e-Oscar, including but not limited to the Credit Reporting Resource Guide, contracts and invoices associated with e-Oscar, for the three years prior to the filing of the Complaint.

23.     All documents reviewed by you to calculate any recovery Plaintiff could hope to obtain in this case.

24.     All documents reviewed by Jessica Crook in preparation of her Declaration of January 10, 2020.

25.     All documents that reference Your anti-discrimination policies and procedures.

By: _____/s/_____
Susan Mary Rotkis, VSB 40693
Price Law Group, APC
382 S. Convent Ave.
Tucson, AZ 85701
T: (818) 600-5533
F: (818) 600-5433
E: susan@pricelawgroup.com
*Attorney for Plaintiff*
*David D. Denton*

CERTIFICATE OF SERVICE

*I certify that this 7th day of February, 2020, I served a copy of the foregoing Plaintiff's First Request for Production of Documents to JPMorgan Chase & Co., and Chase Bank USA, N.A., by email at csmith@cov.com and by United States Postal Service, first class postage prepaid, upon Colleen Smith, Covington & Burling, LLP, One City Center, 850 Tenth St. NW, Washington, DC, 20001-4956.*

By: _____/s/_____
Susan Mary Rotkis, VSB 40693
Price Law Group, APC
382 S. Convent Ave.
Tucson, AZ 85701
T: (818) 600-5533
F: (818) 600-5433
E: susan@pricelawgroup.com
*Attorney for Plaintiff*
*David D. Denton*

8