UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

David D. Denton,

             **Plaintiff,**

v.                                        Civil No. 4:19cv114

JPMorgan Chase & Co.,
JPMorgan Chase Bank, N.A.,
Experian Information Solutions, Inc.,
Equifax Information Services, LLC.,
Langley Federal Credit Union,
Trans Union, LLC,

             **Defendants.**

## OPINION AND ORDER

This matter is before the Court on several motions. First, a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No. 43, and a Motion for Summary Judgment pursuant to Rule 56, ECF No. 48, filed by Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "Chase"). Second, a "Motion to Deny or Continue" Chase's Motion for Summary Judgment pursuant to Rule 56(d) filed by Plaintiff David D. Denton ("Plaintiff"). ECF No. 59. Third, a Motion to Dismiss pursuant to Rule 12(b)(6) filed by Defendant Experian Information Solutions, Inc. ("Experian"). ECF No. 46.

For the reasons stated below: (1) Chase's Motion to Dismiss is **DENIED**; (2) Plaintiff's Motion to Continue Chase's Motion for Summary Judgment is **GRANTED** and consideration of Chase's Motion

for Summary Judgment is **DEFERRED**; and (3) Experian's Motion to Dismiss is **GRANTED**.

## I. FACTUAL BACKGROUND[1]

In 2017 and 2018, Plaintiff "exercised [his] right" under the Equal Credit Opportunity Act ("ECOA") by filing lawsuits against Chase alleging violations of the ECOA in regard to a Chase credit card ("the Chase Account"). Complaint ¶ 13, ECF No. 1. More specifically, Plaintiff claimed that Chase failed to provide Plaintiff with the required adverse notice when it issued him the Chase Account "on less favorable terms than he had applied for based on information in a consumer report." Id. ¶ 15. Plaintiff and Chase "resolved the matter by compromise" in September of 2018, and the lawsuits were dismissed in January 2019. Id. ¶ 14.[2]

In or around November 2018, Plaintiff "obtained a copy of his credit report and discovered that" Experian was "incorrectly reporting" a Langley Federal Credit Union ("LFCU") line of credit (the "LFCU Account") "as thirty (30) days late." Id. ¶ 30. On or about January 4, 2019, Plaintiff again reviewed his

---

[1] The facts recited here are from the Complaint and are assumed true only to decide the portions of this Opinion and Order that are relevant to the motions to dismiss. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

[2] Plaintiff states that the parties resolved the matter by compromise in "September of 2019," id., but based on a search of the Virginia Courts Case Information system, the compromise likely occurred in September of 2018, because the case was dismissed on January 11, 2019.

consumer reports "from all of the 'big three' national credit bureaus, TransUnion, Experian, and Equifax," and learned for the first time "that Chase had closed" the Chase Account.  <u>Id.</u> ¶ 17. The credit report reflected that the Chase Account "was 'closed at the credit grantor's request' before or about January 4, 2019." <u>Id.</u> ¶ 18.[3]  Plaintiff states that he was surprised that the Chase Account was closed for a number of reasons: (1) the Account was "in good standing" and "had recent activity"; (2) Plaintiff "had been paying on time according to Chase's terms"; and (3) Plaintiff otherwise had "good credit." <u>Id.</u>

Sometime after Plaintiff reviewed his credit reports in January 2019, Chase "informed him that the Chase Account had been closed due to inactivity," <u>id.</u> ¶ 40, although it is unclear when or how this information was communicated to Plaintiff. Plaintiff states that Chase's claim that the account was inactive "was not correct because there had been a balance and recent payments made on the card on the date that" Experian was "reporting the account to have been closed." <u>Id.</u>  Plaintiff alleges that because he never received notice from Chase that the Chase Account had been closed until more than thirty days had passed, Chase violated the "ECOA and its implementing

---

[3] Chase states that the Chase Account was closed on December 2, 2018.  ECF No. 44, at A4.

regulations." Id. ¶¶ 19-20.[4]   Further, according to Plaintiff, given that he "was compliant with the terms of the credit" and that the account closure occurred within "close temporal proximity to the settlement and dismissal of [his previous] lawsuits," and "in the absence of a legitimate statement of reasons for the adverse action taken against" him, Chase closing the Chase Account was "obvious retaliation and prohibited credit discrimination under the ECOA." Id. ¶ 25.

On January 29, 2019, Plaintiff sent a letter to Experian "disputing the accuracy of the LFCU Account" with "dispositive evidence showing that the error was on the part of LFCU." Id. ¶¶ 31, 34.   Plaintiff alleges "[u]pon information and belief" that Experian "forwarded the dispute to LFCU within five (5) business days of receiving [Plaintiff's] dispute." Id. ¶ 32.

In or around February 2019, Plaintiff again pulled a credit report and discovered that Experian was still reporting the Chase Account "as closed at the credit grantor's request." Id. ¶ 38.   On February 29, 2019,[5] Plaintiff sent a second letter to Experian disputing the accuracy of the Chase Account. Id. ¶¶ 39-40.   In the letter, Plaintiff "explained that Chase had

---

[4] Chase alleges that it sent Plaintiff a letter on September 12, 2018 explaining that the Chase Account was going to be closed due to inactivity. ECF No. 44, at A4.   Plaintiff disputes this and states that he never received this letter. ECF No. 54, at 4.

[5] The Court notes that there were only 28 days in the month of February 2019, and the letter must have been sent at another time, though it is unclear when.

[since] informed him that the Chase Account had been closed due to inactivity." Id. ¶ 40. Although Plaintiff disputes that the account was inactive, he alleges that Experian's "reporting of [the] Chase Account as closed by the credit grantor is inaccurate inasmuch as the credit grantor now claims it was due to inactivity," and, therefore, "[t]he credit reports should have reflected that the account was closed due to inactivity rather than closed at credit grantor's request, if that were the true reason for closing the account." Id. ¶¶ 40, 48–49.[6] Additionally, Plaintiff "reiterated his prior statement regarding the LFCU [A]ccount." Id. ¶ 40. Plaintiff alleges "[u]pon information and belief" that Experian forwarded these disputes "to Chase and LFCU within five (5) business days of receiving" them, and that "Chase received [Plaintiff's] disputes from Equifax, Experian, and Trans Union and failed to correct the erroneous information pertaining to [Plaintiff's] Chase [A]ccount." Id. ¶¶ 41, 53.

On or about March 2, 2019, "Experian responded to [Plaintiff's] dispute letter, indicating that it had corrected the LFCU Account." Id. ¶ 36. On or about April 11, 2019, Plaintiff again obtained his FICO credit report from Experian and discovered that "Experian finally stopped reporting the LFCU

---

[6] Plaintiff maintains that Chase actually closed the Chase Account in retaliation for him having previously filed lawsuits against Chase, and that their proffered reason of account inactivity is merely a pretext. Id. ¶ 25.

Account as thirty (30) days late but still inaccurately reported the Chase [A]ccount as 'Closed At [the] Credit Grantor's Request.'"   Id. ¶ 42 (alteration in original).   On or about August 1, 2019, Plaintiff obtained his FICO credit report from Experian a final time and discovered that "Experian continued to inaccurately report that the Chase account was 'Closed At [the] Credit Grantor's Request.'"   Id. ¶ 44 (alteration in original).

As a result of both Chase's and Experian's conduct, Plaintiff alleges that he "has sustained actual damages including, but not limited to embarrassment, anguish, and emotional and mental pain."   Id. ¶ 61.   Plaintiff alleges he "has further suffered physical injury as a result of emotional distress, lost time and income, emotional distress, inconvenience, fear of applying for credit he needs for his livelihood, strain on his relationships, and damage to his reputation."   Id. ¶ 27.   Plaintiff also allegedly "suffered actual economic damages because he is subjected to less favorable credit terms and interest rates."   Id. ¶ 62. Plaintiff further alleges that "[c]reditors and users of credit information treat the closure of an account at the credit grantor's request when there is a balance as a negative event," meaning that "such closure has a negative effect both on [Plaintiff's] credit score and his credit worthiness," and that the closure of the Chase Account further caused him injury

6

"because he no longer had access to the line of credit that he was, in fact, utilizing." Id. ¶ 21. Moreover, Plaintiff claims that Defendants inflicted these damages on Plaintiff despite "[a]ll Defendants [being] aware of their duties under the Fair Credit Reporting Act [("FCRA")]," including their "obligations to conduct reasonable investigations of disputes according to Johnson v. MBNA Am. Bank, N.A., 357 F.3d 426 (4th Cir. 2004)." Id. ¶ 63.[7]

## II. PROCEDURAL HISTORY

On November 11, 2019, Plaintiff filed his Complaint against the six named defendants.[8] The Complaint includes four counts; Counts One, Two, and Four allege violations by Chase. Count One alleges that Chase violated 15 U.S.C. § 1691(d) of the ECOA by failing "to provide a notice containing the truthful, primary reason for taking [the] adverse action of closing [the Chase Account] within 30 days of closing [the] [A]ccount." Id. ¶¶ 64-66. Count Two alleges that Chase violated 15 U.S.C. § 1691(a)(3) of the ECOA by discriminating "against [Plaintiff] in retaliation for the good faith exercise of his rights under the ECOA." Id. ¶¶ 67-69. Count Four alleges that Chase

---

[7] Johnson held that the term "investigation" in the FCRA, and specifically in § 1681s-2(b)(1)(A), requires "some degree of careful inquiry by creditors" rather than a mere "superficial" or unreasonable inquiry. 357 F.3d at 430-31.

[8] Equifax Information Services, LLC, LFCU, and Trans Union, LLC have since been dismissed from the suit. ECF Nos. 71, 77, 79.

violated 15 U.S.C. § 1681s-2(b) of the FCRA either willfully/recklessly or negligently by failing "to properly investigate Plaintiff's dispute" and failing "to correct the inaccurate information." Id. ¶¶ 79-95. Plaintiff alleges that Chase is liable for "actual, statutory and punitive damages, costs and attorney's fees" for the alleged ECOA violations. Id. ¶ 26. Plaintiff further alleges that Chase is liable for "actual damages, statutory damages, costs and attorney's fees" under 15 U.S.C. § 1681o for negligent violations of the FCRA, as well as punitive damages under 15 U.S.C. § 1681n if Chase acted willfully/recklessly. Id. ¶¶ 91-95.

Only Count Three advances a claim against Experian, although it alleges several violations of the FCRA: (1) 15 U.S.C. § 1681e(b) "by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff"; (2) § 1681i(a)(1) "by failing to conduct a reasonable reinvestigation to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report"; (3) § 1681i(a)(2)(A) "by failing to provide Defendants LFCU and Chase all of the relevant information regarding Plaintiff and his dispute"; and (4) § 1681i(a)(5)(A) "by failing to promptly

delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation." Id. ¶¶ 70-74. As with Chase, Plaintiff alleges that Experian is liable for "actual damages, statutory damages, costs and attorney's fees" for negligent violations, as well as punitive damages for willful violations. Id. ¶¶ 75-78.

On January 13, 2020, Experian filed the now-pending motion to dismiss, ECF No. 46, and its supporting memorandum, ECF No. 47, alleging that Plaintiff has failed to, and cannot, state a claim against Experian for any of its alleged violations. On January 13, 2020, Chase filed the now-pending motions to dismiss, ECF No. 43, and for summary judgment, ECF No. 48, along with a supporting memorandum, ECF No. 49, arguing that the Court should grant summary judgment in Chase's favor regarding the two ECOA counts, and that the Court should dismiss the FCRA count because Plaintiff fails to state a claim upon which relief can be granted. On January 31, 2020, Plaintiff filed his now-pending "Motion to Continue or Deny" Chase's summary judgment motion, ECF No. 59, and its supporting memorandum, ECF No. 60, arguing that summary judgment is premature as no discovery has taken place.

As each of these matters have been fully briefed, these matters are ripe for review.

### III. STANDARD OF REVIEW

### A. Rule 12(b)(6) Standard

The well-established Rule 12(b)(6) standard of review permits dismissal when a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not be detailed, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555; see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must include 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" Johnson v. Am. Towers, LLC, 781 F.3d 693, 709 (4th Cir. 2015) (quoting Iqbal, 556 U.S. at 678).

A motion to dismiss tests the sufficiency of a complaint without resolving factual disputes, and a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" Kensington Volunteer Fire Dep't v. Montgomery

Cnty., 684 F.3d 462, 467 (4th Cir. 2012) (citation omitted). Although the truth of well-pled facts is presumed, district courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000); see Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Rule 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations omitted).

### B. Summary Judgment Standard

Rule 56(a) provides that a district court shall grant summary judgment in favor of a movant if such party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). The mere existence of some alleged factual dispute between the parties "will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247–48 (1986). "A genuine question of material fact exists where, after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict for the nonmoving party." Dulaney v. Packaging Corp. of Am., 673 F.3d 323, 330 (4th Cir. 2012) (citation omitted).

Although the initial burden on summary judgment falls on the moving party, once a movant properly files evidence supporting summary judgment, the non-moving party may not rest upon the mere allegations of the pleadings, but instead must set forth specific facts in the form of exhibits and sworn statements illustrating a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322–24 (1986). "Because 'credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge,'" the Court must only evaluate the evidence to the extent necessary to determine whether there is "sufficient disagreement to require submission to a jury or whether [the evidence] is so one-sided that one party must prevail as a matter of law." McAirlaids, Inc. v. Kimberly-Clark

_Corp._, 756 F.3d 307, 310 (4th Cir. 2014) (quoting _Anderson_, 477 U.S. at 255, 251–52). In making its determination, "the district court must 'view the evidence in the light most favorable to the' nonmoving party." _Jacobs v. N.C. Admin. Off. of the Courts_, 780 F.3d 562, 568 (4th Cir. 2015) (quoting _Tolan v. Cotton_, 572 U.S. 650, 657 (2014)).

### C. Rule 56(d) Standard

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a pending summary judgment motion], the court may: (1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). The Supreme Court has stated that any "premature" summary judgment motions "can be adequately dealt with under Rule 56([d]), which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery." _Celotex_, 477 U.S. at 326.

As a general matter, "summary judgment before discovery forces the non-moving party into a fencing match without a sword or mask." _McCray v. Md. Dep't of Transp., Md. Transit Admin._, 741 F.3d 480, 483 (4th Cir. 2014). Accordingly, "[a] Rule 56(d)

13

motion must be granted 'where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'"   Id. at 483–84 (quoting Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002)). "Further, [Rule 56(d)] motions are 'broadly favored and should be liberally granted' in order to protect non-moving parties from premature summary judgment motions."   Id. at 484 (quoting Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt., 721 F.3d 264, 281 (4th Cir. 2013)).   However, the Fourth Circuit has "warned litigants that [it] 'place[s] great weight on the Rule 56[d] affidavit' and that '[a] reference to Rule 56[d] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56[d] affidavit.'"   Harrods Ltd., 302 F.3d at 244 (fourth alteration in original) (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996)).   Moreover, "Rule 56[d] motions may be denied . . . if 'the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment.'"   Ingle ex rel. Est. of Ingle v. Yelton, 439 F.3d 191, 195 (4th Cir. 2006) (quoting Strag v. Board of Trustees, 55 F.3d 943, 954 (4th Cir. 1995)).[9]

---

[9] "The language of Rule 56(d) appeared in Rule 56(f) before amendments in 2010, but these amendments made no substantial change to the rule." McCray, 741 F.3d at 485 n.2.   Accordingly, the Court has altered the

14

## IV. DISCUSSION

### A. Counts One and Two—the ECOA Counts Against Chase

Plaintiff's first two counts both allege violations of the ECOA by Chase.  Count One alleges that Chase violated 15 U.S.C. § 1691(d), which provides that a creditor that takes an "adverse action" against an applicant must provide the applicant with "a statement of reasons for such action" within "thirty days," 15 U.S.C. § 1691(d)(1)-(2), by failing "to provide a notice containing the truthful, primary reason for taking [the] adverse action of closing [the Chase Account] within 30 days of closing [the] [A]ccount," Compl. ¶¶ 64-66.  Count Two alleges that Chase violated 15 U.S.C. § 1691(a), which provides that it is unlawful "for any creditor to discriminate against any applicant . . . because the applicant has in good faith exercised any right under [the ECOA]," 15 U.S.C. § 1691(a)(3), by discriminating "against [Plaintiff] in retaliation" for him having exercised his rights under the ECOA when he previously filed and settled ECOA lawsuits against Chase, Compl. ¶¶ 67-69.

Chase moves for summary judgment on both counts, asserting that the Chase Account was closed for inactivity, which is not an adverse action, through an automated process.  ECF No. 49, at 6-10; ECF No. 62, at 2-7; ECF No. 69.  Chase notes that ECOA

reference to Rule 56(f) in <u>Celotex</u>, <u>Harrods</u>, and <u>Ingle</u> to reflect the 2010 amendments to the Federal Rules of Civil Procedure.  <u>See</u> <u>Edwards v. Bank of N.Y. Mellon</u>, No. 2:14CV304, 2014 WL 5594876, at *7 (E.D. Va. Oct. 31, 2014).

regulations expressly state that an adverse action "does not include . . . [a]ny action or forbearance relating to an account taken in connection with <u>inactivity</u>, default, or delinquency as to that account." 12 C.F.R. § 202.2(c)(2)(ii) (emphasis added). Further, Chase alleges that because its process by which inactive accounts are found and closed is automated and does not take factors such as previous lawsuits into consideration, Chase could not have retaliated against Plaintiff. ECF No. 49, at 8-10; ECF No. 62, at 2-7; ECF No. 69.   Chase argues that the evidence it has attached as exhibits to its summary judgment motion clearly shows this to be the case, and that it is entitled to judgment as a matter of law.   <u>Id.</u>[10]

Plaintiff, for his part, does not dispute that ECOA regulations provide a safe harbor for inactivity.   ECF No. 54, at 8.   However, Plaintiff claims that granting Chase summary judgment based on the evidence that Chase has attached to its motion is improper because Plaintiff alleges that the Chase Account was closed in retaliation for his prior lawsuits, rather than for inactivity, which is both an adverse action requiring

---

[10] The documents attached to Chase's Motion for Summary Judgment include the following: (1) a declaration from Chase's Vice President of Consumer Credit Card Risk Management Jessica Crook, ECF No. 49-1; (2) monthly account summaries of the Chase Account from December 2015 until February 2017, ECF No. 49-2; (3) a heavily redacted document entitled "Natural Reissue Strategy," dated March 20, 2018, ECF No. 49-3; (4) a screenshot of some type of summary of the Chase Account, dated September 18, 2018, ECF No. 49-4; (5) a letter stating that Plaintiff's account will be closed due to inactivity when it expires, dated September 12, 2018, ECF No. 49-5; and (6) monthly account summaries of the Chase Account from December 2018 until January 2019, ECF No. 49-6.

notice and retaliation for exercising ECOA rights. ECF No. 54, at 11. Alternatively, Plaintiff argues that Chase's motion for summary judgment is premature under Rule 56(d) because additional discovery is needed. Id. at 7-12. Further, Plaintiff's counsel has submitted a Rule 56(d) affidavit explaining the need for additional discovery, which this Court must "place great weight on." Harrods Ltd., 302 F.3d at 244 (quotation and citation omitted).

In her affidavit, Plaintiff's counsel states that, despite attempting to engage with Chase to begin preliminary discovery, she has not had the opportunity to discover information essential to the claims. See ECF No. 54-1 ¶ 13. Plaintiff's counsel explains the types of discovery she needs, and the purposes for each:

- "Plaintiff will seek discovery of Chase's definition, policy, and procedure for closing accounts due to inactivity, and test whether it was applied evenly despite a consumer's exercise of rights under the Consumer Credit Protection Act."
- "Plaintiff will seek discovery related [] specifically to him and his exercise of his rights" in his prior lawsuits.
- "Plaintiff is entitled to discovery to test whether and when Chase decided to close [Plaintiff's] account, whether and how it generated and sent an adverse action notice, including the policies and procedures for such notices."
- Regarding any third-party vendors Chase uses "to generate, mail and track 'automated' communications with consumer[s] such as adverse action letters," Plaintiff will seek "the automated process documents and testimony, any deviations

or variables from the automated process, how such documents are selected, generated, mailed and tracked."

Id. ¶¶ 14, 16, 23.  As such, Plaintiff has alleged that he has not had "the opportunity to discover information that is essential to his opposition," meaning Rule 56(d) relief is appropriate.  Harrods Ltd., 302 F.3d at 244.

Moreover, Chase's attempts to convince the Court that Plaintiff already has the discovery he needs are unavailing. Plaintiff argues that he needs information regarding how Chase closes inactive accounts to see if Chase's proffered reason for closure was simply pretext for retaliation.  ECF No. 54, at 8-10.  Chase's claim that its five-page "Natural Reissue Strategy" document already provides this discovery is insufficient in the Court's view to rebut Plaintiff's asserted need as such document is redacted to such an extent that each page only has a few sentences of readable information.  ECF No. 62, at 5-6.  In addition, Plaintiff states that he requires discovery regarding how notices of "adverse actions" are prepared and mailed.  ECF No. 54-1 ¶ 23.  Chase argues that this is not a genuine issue of material fact because there was no adverse action (and therefore no notice was required).  ECF No. 62, at 4-7.  However, should Plaintiff be correct that Chase's proffered reason for closure was a pretext, the closure would be an adverse action, and the lack of notice would be a material fact.  Further, Plaintiff

18

argues that "direct proof of unlawful discrimination is often difficult to obtain," and that "Plaintiff is entitled to discovery and an opportunity to demonstrate that the 'defense' Chase has proffered is merely pretext," ECF No. 70, at 6-7, a reason that also weighs in favor of allowing discovery to commence. See McCray, 741 F.3d at 484 (stating that it would be impossible for the plaintiff to "make an argument that she was fired because of discriminatory reasons" and "shield herself from a premature summary judgment motion" without discovery).

Based on the fact that Rule 56(d) motions are to be "liberally granted," the sworn statements of Plaintiff's counsel in the Rule 56(d) affidavit, and the absence of discovery in this case thus far, the Court grants Plaintiff's Motion to Continue and defers consideration of the Summary Judgment Motion at this time. Greater Balt. Ctr. for Pregnancy Concerns, Inc., 721 F.3d at 281.

### B. Count Four—the FCRA Count Against Chase

Plaintiff's fourth count alleges that Chase violated 15 U.S.C. § 1681s-2(b) either willfully/recklessly or negligently by failing "to properly investigate Plaintiff's dispute" and failing "to correct the inaccurate information" in his credit report. Compl. ¶¶ 79-95.[11] "The FCRA creates a private right of

---

[11] 15 U.S.C. § 1681s-2(b) "Duties of furnishers of information upon notice of dispute" states the following:

action allowing injured consumers to recover 'any actual damages' caused by negligent violations and both actual and punitive damages for willful noncompliance." Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 239 (4th Cir. 2009) (citing 15 U.S.C. §§ 1681n, 1681o). "A plaintiff alleging a violation of the FCRA must prove either actual damages and a negligent violation of the FCRA to recover under 15 U.S.C. § 1681o, or a willful violation of the FCRA under 15 U.S.C. § 1681n, which requires no actual damages and entitles a plaintiff to statutory damages." Wood v. Credit One Bank, 277 F. Supp. 3d 821, 828 n.12 (E.D. Va. 2017). Chase challenges the sufficiency of Plaintiff's negligence claim on the grounds that

---

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency [("CRA")], the person shall--
    (A) conduct an investigation with respect to the disputed information;
    (B) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2) of this title;
    (C) report the results of the investigation to the [CRA];
    (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
    (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a [CRA] only, as appropriate, based on the results of the reinvestigation promptly--
        (i) modify that item of information;
        (ii) delete that item of information; or
        (iii) permanently block the reporting of that item of information.
15 U.S.C. § 1681s-2(b)(1).

he fails to allege actual damages, and it challenges the sufficiency of his willful/reckless claim on the grounds that he fails to successfully plead that Chase violated § 1681s-2(b) willfully/recklessly.  See ECF Nos. 49, 62.

## 1. Actual Damages for Negligence Claim

"Actual damages may include economic damages, as well as damages for humiliation and mental distress."  Robinson, 560 F.3d at 239 (citing Sloane v. Equifax Info. Servs., 510 F.3d 495, 500 (4th Cir. 2007)).  Plaintiff's allegations of actual damages fall generally within three categories[12]: "emotional" actual damages;[13] "credit-worthiness" actual damages;[14] and "costs" actual damages.[15]

---

[12] Chase claims that some of the alleged damages are in the section of the Complaint "pertaining" to the ECOA counts and do not qualify as damages relevant to the FCRA count.  ECF No. 62, at 8–9.  However, the FCRA count specifically incorporates these factual paragraphs.  Compl. ¶ 70.

[13] These include the following allegations: Plaintiff "sustained actual damages including . . . embarrassment, anguish, and emotional and mental pain," Compl. ¶ 61; Plaintiff has "suffered physical injury as a result of emotional distress, . . . emotional distress, . . . fear of applying for credit he needs for his livelihood, strain on his relationships, and damage to his reputation," id. ¶ 27; and Plaintiff has "suffered . . . mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials," id. ¶ 91.

[14] To include the following allegations: Plaintiff "is subjected to less favorable credit terms and interest rates," Compl. ¶ 62; closing the Chase Account "when there was activity and while there was an existing balance" has "a negative effect both on [Plaintiff's] credit score and his credit worthiness," id. ¶ 21; Plaintiff "no longer had access to the line of credit that he was, in fact, utilizing," id.; and Plaintiff "has been injured by discrimination, reduction in his available credit, credit worthiness and in his credit scores," id. ¶ 27.

[15] To include the following allegation: "Plaintiff suffered actual damages including the time and money spent to obtain credit reports, submit

In terms of Plaintiff's emotional actual damages, the Fourth Circuit has "warned that '[n]ot only is emotional distress fraught with vagueness and speculation, it is easily susceptible to fictitious and trivial claims.'" <u>Sloane</u>, 510 F.3d at 503 (alteration in original) (quoting <u>Price v. City of Charlotte</u>, 93 F.3d 1241, 1250 (4th Cir. 1996)). Therefore, a plaintiff must "reasonably and sufficiently explain the circumstances of [the] injury and not resort to mere conclusory statements." <u>Id.</u> (alteration in original) (quoting <u>Price</u>, 93 F.3d at 1251). However, the Fourth Circuit has articulated this admonition when considering appeals of verdicts, meaning that the records have been expanded significantly beyond what they would have been at a motion to dismiss stage. <u>See Sloane</u>, 510 F.3d 495 (appealing a jury verdict that Equifax violated the FCRA); <u>Price</u>, 93 F.3d 1241 (appealing a grant of partial summary judgment and a jury award of compensatory damages for equal protection violations). Therefore, this Court must balance the Fourth Circuit's cautionary language regarding proof of emotional damages with Rule 8(a)(2)'s simpler requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the

---

disputes to Equifax, non-party Experian and Trans Union, and to speak with Chase and LFCU about his issue." Compl. ¶ 92.

. . . claim is and the grounds upon which it rests," Twombly,
550 U.S. at 555 (quoting Conley, 355 U.S. at 47).

Here, Plaintiff alleges details of his emotional actual
damages, beyond mere conclusory statements, sufficient to
survive a motion to dismiss. For instance, one manifestation
was "physical injury as a result of emotional distress." Compl.
¶ 27. Another was "fear of applying for credit he needs for his
livelihood," as well as "strain on his relationships." Id.
¶ 27. Finally, because of Chase's "conduct, Plaintiff suffered
. . . the humiliation and embarrassment of the credit denials
[and] reductions in lines of credit and [his] reputation as a
successful borrower." Id. ¶ 91.[16] While the Court admits that
these are rather bare allegations, they provide Chase with fair
notice of the claims, and they are more robust than other FCRA
cases within the Fourth Circuit that were not dismissed at this
stage. See Alston v. Freedom Plus/Cross River, No. CV TDC-17-
0033, 2018 WL 770384, at *2, *6–7 (D. Md. Feb. 7, 2018)
(allegations of "mental anguish and emotional distress from the
invasion of [the plaintiff's] privacy" as a result of the
"unauthorized acquisitions of her credit report" sufficient to

_____

[16] Chase argues that some of the damages Plaintiff references are in
relation to his real estate business and therefore do not qualify under
the FCRA, as the FCRA only protects "individual consumers" rather than
business entities. ECF No. 62, at 8–9. Ignoring for the moment the
accuracy of Chase's substantive argument, the Court notes that Plaintiff
does mention his work as a real estate agent in his Complaint, but several
of the listed damages do not reference his profession. See Compl. ¶¶ 27,
61–62, 91.

survive a motion to dismiss (quotations omitted)); Alston v. AT&T Servs., Inc., No. GJH-18-2529, 2019 WL 670241, at *3 (D. Md. Feb. 19, 2019) (same); Williams v. Microbilt Corp., No. 3:19CV085, 2019 WL 7988583, at *28 (E.D. Va. Sept. 23, 2019), report and recommendation adopted, No. 3:19CV85, 2020 WL 821033 (E.D. Va. Feb. 19, 2020) (same). But see Vecchione v. Prof'l Recovery Consultants, Inc., No. 1:13CV584, 2014 WL 6972397, at *4 (M.D.N.C. Dec. 9, 2014) (granting a motion to dismiss where the plaintiff only "generally alleged" that the defendant's actions caused "mental anguish, emotional distress, humiliation, [and] a loss of reputation"). Importantly, as a judge in one of those cases cautioned, Plaintiff still "will need to produce actual evidence of emotional distress such as medical treatment, physical symptoms, loss of income arising from such distress, or testimony about an adverse impact on the plaintiff's conduct and lifestyle" in order to prevail on this element, Freedom Plus/Cross River, 2018 WL 770384, at *6-7,[17]

---

[17] See Primrose v. Castle Branch, Inc., No. 7:14-CV-235-D, 2017 WL 57800, at *8 (E.D.N.C. Jan. 3, 2017) (failing to present testimony that sufficiently demonstrated emotional actual damages); Rodriguez v. Equifax Info. Servs., LLC, No. 1:14-CV-01142, 2015 WL 4417285, at *6 (E.D. Va. July 17, 2015) (same); Sloane, 510 F.3d at 503 (presenting testimony that sufficiently demonstrated emotional actual damages); Robinson, 560 F.3d at 240-41 (same); Burke v. Experian Info. Sols., Inc., No. 1:10-CV-1064, 2011 WL 1085874, at *8 (E.D. Va. Mar. 18, 2011) (same); Wood, 277 F. Supp. 3d at 844-46 (same).

however, at this stage, the allegations in the Complaint are sufficient.[18]

## 2. Sufficiency of Willfulness Allegations for Punitive Damages

In Safeco Insurance Co. of America v. Burr, "the Supreme Court considered the meaning of the 'willfulness' requirement in the FCRA provision creating a private right of action for consumers." Am. Arms Int'l v. Herbert, 563 F.3d 78, 85 (4th Cir. 2009) (citing Safeco, 551 U.S. 47, 56-60 (2007)). "The Court noted that 'where willfulness is a statutory condition of civil liability, we have generally taken it to cover not only knowing violations of a standard, but reckless ones as well.'" Id. (quoting Safeco, 551 U.S. at 57). "Reckless actions entail 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" Jones v. Equifax, Inc., No. 3:14CV678, 2015 WL 5092514, at *3 (E.D. Va. Aug. 27, 2015) (quoting Safeco, 551 U.S. 47, 56-60 (2007)).

While Chase is correct that "a mere assertion of willful noncompliance with the FCRA will not, on its own, satisfy Rule 8(a)," Singleton v. Domino's Pizza, LLC, No. CIV.A. DKC 11-1823,

---

[18] As Plaintiff has successfully pled emotional actual damages to support his negligence claim, the Court need not consider Chase's challenges to the sufficiency of Plaintiff's allegations regarding the "credit-worthiness" or the "costs" actual damages. See Freedom Plus/Cross River, 2018 WL 770384, at *6 (denying a motion to dismiss because the plaintiff "sufficiently alleged damages in the form of emotional distress" even if the allegations that the plaintiff "suffered or will suffer a 'reduction of credit score' and 'damage to financial reputation'" were too conclusory to be actual damages).

2012 WL 245965, at *4 (D. Md. Jan. 25, 2012), another judge of this Court has previously considered how a plaintiff can successfully allege a willful violation of the FCRA and found, after a review of district court cases, that "[f]or the purposes of a Rule 12(b)(6) motion to dismiss, courts have found a plaintiff sufficiently pleads willfulness or recklessness when he or she asserts that a defendant has repeatedly violated [the] FCRA <u>or was aware of [the] FCRA's requirements but failed to comply</u>." Jones, 2015 WL 5092514, at *3 (emphasis added) (citing cases). The <u>Jones</u> opinion further noted that "[w]hether an act was done with knowing or reckless disregard for another's rights remains a fact-intensive question." <u>Id.</u> (quotation and citation omitted).

Here, Plaintiff alleges that Chase is "aware of [its] duties under the [FCRA], including how [the FCRA] is interpreted and enforced within the geographical confines of the Fourth Circuit Court of Appeals" and that Chase "is aware of its obligations to conduct reasonable investigations of disputes according to <u>Johnson</u> [], 357 F.3d 426." Compl. ¶ 63. Despite being aware of these well-established duties, which are in published Fourth Circuit precedent, Plaintiff alleges that Chase willfully failed to comply with its obligations under 15 U.S.C. § 1681s-2(b). <u>See</u> <u>id.</u> ¶¶ 90, 93. As such, Plaintiff has sufficiently alleged a willful violation of 15 U.S.C. § 1681s-

2(b) against Chase regarding the Chase Account for the purpose of deciding the motion to dismiss.

### C. Count Three—FCRA Count Against Experian

#### 1. 15 U.S.C. § 1681e(b) Claim

Plaintiff's first FCRA claim asserts that Experian violated 15 U.S.C. § 1681e(b) "by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff" in regard to both the Chase Account and the LFCU Account. Id. ¶ 71. Section 1681e(b) states that "[w]henever a consumer reporting agency [("CRA")] prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "Thus, a [CRA] violates § 1681e(b) if (1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy." Dalton v. Capital Associated Indus., Inc., 257 F.3d 409, 415 (4th Cir. 2001). However, the "FCRA does not impose strict liability on [CRAs] for inaccuracies in reporting." Id. at 417.

#### a. Inaccurate Information Requirement

To establish the first prong of a § 1681e(b) violation, "a consumer must present evidence tending to show that a [CRA]

27

prepared a report containing inaccurate information." Id. at 415 (citing Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir. 1995)). "A report is inaccurate when it is 'patently incorrect' or when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse []' effect." Id. (alterations in original) (quoting Sepulvado v. CSC Credit Servs., 158 F.3d 890, 895 (5th Cir. 1998)).

Regarding the LFCU Account, Experian does not dispute that there was inaccurate information in the credit report generated for Plaintiff, ECF No. 47, at 7, and Plaintiff sufficiently alleges that the LFCU Account was inaccurate, Compl. ¶¶ 30-37.[19] Regarding the Chase Account, Experian argues that Plaintiff failed to show that Experian prepared a report containing inaccurate information because Plaintiff is arguing that the inaccurate designation "closed at the credit grantor's request" should be replaced with another designation that Plaintiff argues is also inaccurate, that of "closed due to inactivity." ECF No. 47, at 6-7; ECF No. 65, at 2-4. Even so, the Court assumes for the sake of this motion to dismiss that Plaintiff has sufficiently alleged that the report contained inaccurate information regarding the Chase Account because even though Plaintiff endeavors to prove that "closed due inactivity" would

---

[19] Plaintiff also alleges that Experian is a CRA as defined by the FCRA. Id. ¶ 9.

also be inaccurate, that does not mean that he did not allege that the prepared credit reports contained inaccurate information, namely that they incorrectly designated the Chase Account as "closed at creditor's request." Further, a credit report "is inaccurate when it is 'patently incorrect' <u>or when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse []' effect</u>." <u>Dalton</u>, 257 F.3d at 415 (alterations in original) (emphasis added) (quoting <u>Sepulvado</u>, 158 F.3d at 895). Plaintiff has alleged that even if "closed at credit grantor's request" is technically correct because Chase initiated closing the account, it is misleading because it was a pretext for retaliation against Plaintiff, and such event is viewed "as a negative event" by credit grantors. Therefore, Plaintiff has alleged facts sufficient to establish the first prong of a § 1681e(b) violation for the purposes of this motion to dismiss. Compl. ¶¶ 21, 25.

## b. "Reasonable Procedures to Assure Maximum Possible Accuracy" Requirement

To establish the second prong, "the plaintiff bears the burden under § 1681e(b) to show that the [CRA] did not follow reasonable procedures." <u>Dalton</u>, 257 F.3d at 416. "The issue of whether the agency failed to follow 'reasonable procedures' will be a 'jury question[] in the overwhelming majority of cases.'" <u>Id.</u> (alteration in original) (quoting <u>Guimond</u>, 45 F.3d at 1333).

Regarding both the LFCU Account and the Chase Account, Plaintiff simply recites the statutory language from § 1681e(b) when he alleges that Experian did not follow "reasonable procedures." See Compl. ¶ 71. The closest Plaintiff comes to specifically alleging—beyond just reciting the statutory language—that Experian "did not follow reasonable procedures" for either account is his allegation that he does not know "whether LFCU corrected the Experian report or if Experian corrected the report." Id. ¶ 55. Therefore, Plaintiff's claim against Experian alleging a violation of § 1681e(b) for its handling of both the LFCU Account and the Chase Account is nothing more than a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," and it does not meet the standard to survive a 12(b)(6) motion. Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). And, although this question will be a jury question in most cases, because the Complaint here fails to even satisfy the pleading requirements for a 12(b)(6) motion, dismissal is appropriate. See Alston v. Experian Info. Sols., Inc., No. CV PJM 15-3558, 2016 WL 4555056, at *5 (D. Md. Aug. 31, 2016) (granting a motion to dismiss where the plaintiff failed to sufficiently plead that the CRA did not follow reasonable procedures because the plaintiff's allegations did "little more than repeat the language of the statute" even though the complaint included a

link to a website with a Better Business Bureau complaint against the CRA).[20]   Therefore, Plaintiff's § 1681e(b) claim against Experian regarding both the LFCU Account and the Chase Account is dismissed.

## 2. 15 U.S.C. § 1681i(a)(1) Claim

Plaintiff's second FCRA claim is that Experian violated § 1681i(a)(1)[21] "by failing to conduct a reasonable

---

[20] Cf. Ridenour v. Multi-Color Corp., 147 F. Supp. 3d 452, 459-60 (E.D. Va. 2015) (denying a motion to dismiss because the complaint made several specific allegations about the CRA's lack of reasonable procedures: "(1) [the CRA] obtains criminal record information from a third party [CRA] and does not itself review any courthouse records; (2) [the CRA] did not itself or by its own court researchers or vendors attempt to verify the completeness or current status of public records . . . within 30 days before it furnishes and resells these records in one of its reports; (3) [the CRA] does not obtain complete public records prior to furnishing background reports created for employment purposes; (4) the report prepared by [the CRA] on [the plaintiff] included an illegible public record; and (5) the report on [the plaintiff] was incomplete and inaccurate in the reporting of his prior conviction." (quotations, citations, and emphasis omitted)); Moore v. First Advantage Enter. Screening Corp., No. 1:12CV792, 2012 WL 4461505, at *3 (N.D. Ohio Sept. 25, 2012) (denying a motion to dismiss in part because the plaintiff made "several factual assertions [about the CRA's lack of reasonable procedures], albeit somewhat generalized, that go beyond a mere recitation of the elements of the alleged violation," including that the defendants "as a matter of practice, do not maintain strict procedures to ensure that the information pulled from its computers and embedded in its on-demand consumer reports is complete and up to date at the time the information is reported, and that by the very nature of Defendants' on-demand products, it is not possible for Defendants to confirm the accuracy of information contained in a consumer report at the time it is reported" (quotations and citations omitted)).

[21] If a consumer notifies a CRA that he/she disputes information in his/her file:

the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

reinvestigation [into both the Chase and LFCU Accounts] to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report." Compl. ¶ 72. "In order to prevail on a Section 1681i claim, a plaintiff must show (1) that he [or she] disputed the accuracy of an item in his or her credit file; (2) the CRA failed to conduct a reasonable reinvestigation; and (3) that a reasonable reinvestigation by the CRA could have uncovered the inaccuracy." Burke v. Experian Info. Sols., Inc., No. 1:10CV1064, 2011 WL 1085874, at *3 (E.D. Va. Mar. 18, 2011).[22] Plaintiff alleges that he disputed both accounts with Experian, and Experian does not challenge that it received those disputes. Compl. ¶¶ 31, 39. The validity of Plaintiff's claim, therefore, turns on the reasonableness of Experian's reinvestigations into these two accounts.[23]

---

15 U.S.C. § 1681(i)(a)(1)(A). If the CRA conducts a reinvestigation, it must provide notice to the consumer within five business days of concluding the reinvestigation. 15 U.S.C. § 1681i(a)(6).

[22] In order to make out a § 1681i failure to reinvestigate claim, a plaintiff "must first show that his 'credit file contains inaccurate or incomplete information.'" Hinton v. Trans Union, LLC, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009) (quoting Thomas v. Trans Union, LLC, 197 F. Supp. 2d 1233, 1236 (D. Or. 2002)). Experian again argues that Plaintiff failed to allege an actual inaccuracy in regard to the Chase Account; however, the Court has already rejected such argument and found that Plaintiff alleged that there were inaccuracies regarding both accounts.

[23] By comparison, Plaintiff at least specifically alleges that the furnishers of the information, Chase and LFCU, "failed to properly investigate" whether Plaintiff's accounts were accurate. Id. ¶¶ 56, 60.

### a. LFCU Account

Plaintiff never specifically alleges that Experian failed to conduct a reasonable reinvestigation into the LFCU Account beyond his bare recital of the elements of the cause of action. See Compl. ¶ 72.  In fact, with regard to the LFCU Account, Plaintiff asserts that Experian did delete the inaccurate information that Plaintiff disputed after a reinvestigation. Id. ¶ 36.  As such, accepting as true all of the factual allegations contained in the Complaint and drawing all reasonable inferences in favor of Plaintiff, it appears that Experian did perform a reasonable reinvestigation into the LFCU Account.  See Alston v. Experian Info. Sols., Inc., 2016 WL 4555056, at *6 ("Trans Union suggests that . . . Plaintiff should not be able to dispute the reinvestigation procedures when those procedures produced the exact result [the plaintiff] requested, i.e., the deletion of his account.  The Court agrees with Trans Union." (citation omitted)).  Therefore, Plaintiff has failed to allege facts giving rise to a 15 U.S.C. § 1681(i) violation regarding the LFCU Account.

### b. Chase Account

Similarly, Plaintiff never specifically alleges that Experian failed to conduct a reasonable reinvestigation into the Chase Account beyond his bare recital of the elements of the cause of action.  See Compl. ¶ 72.  Further, he does not allege

33

that "a reasonable reinvestigation by the CRA could have uncovered the inaccuracy." Burke, 2011 WL 1085874, at *3. If anything, Plaintiff's allegations contradict the third prong because immediately after Plaintiff alleges that Experian's credit report "should have reflected that the account was closed due to inactivity rather than closed at credit grantor's request," Plaintiff alleges that the credit report itself "demonstrate[d] that the account was active." Compl. ¶¶ 49-50 (emphasis added). These conflicting allegations at best create a reasonable inference that Experian may not have been able to even uncover the inaccuracy—that the Account was incorrectly labeled as closed at the creditor's request instead of closed due to inactivity—because it would have seen that the Account was actually active thereby undercutting Plaintiff's assertion of error as to the listed reason for closure. As such, Plaintiff has failed to allege facts giving rise to both the second and third prong of a 15 U.S.C. § 1681(i) violation regarding the Chase Account.

### 3. 15 U.S.C. § 1681i(a)(2)(A) Claim

Plaintiff's third FCRA claim asserts that Experian violated § 1681i(a)(2)(A) "by failing to provide Defendants LFCU and Chase all of the relevant information regarding Plaintiff and his dispute" as to both the LFCU Account and the Chase Account. Compl. ¶ 73. Section 1681i(a)(2)(A) states:

> Before the expiration of the 5-business-day period beginning on the date on which a [CRA] receives notice of a dispute from any consumer or a reseller . . . , the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. <u>The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller</u>.

15 U.S.C. § 1681i(a)(2)(A) (emphasis added).

### a. LFCU Account

With respect to the LFCU Account, Plaintiff alleges that "LFCU received Plaintiff's disputes at a minimum from Experian," and that Experian later corrected the incorrect information provided by LFCU. Compl. ¶¶ 42, 54. There is no allegation in the Complaint that Experian failed to forward "all relevant information" to LFCU beyond the recitation of the statutory language. <u>See</u> <u>id.</u> ¶ 73. The most relevant allegation—beyond the recitation of the statutory language—is that Plaintiff does not know "whether LFCU corrected the Experian report or if Experian corrected the report." <u>Id.</u> ¶ 55. At this stage, the Court must "draw all reasonable inferences in favor of the plaintiff," <u>Kensington Volunteer Fire Dep't</u>, 684 F.3d at 467 (citation omitted), however, it "need not accept as true unwarranted inferences [or] unreasonable conclusions," <u>E. Shore Mkts., Inc.</u>, 213 F.3d at 180. Although one inference in favor of Plaintiff that could be drawn from Plaintiff's allegations is that Experian may not have forwarded "all relevant information"

35

to LFCU because Experian could have fixed the incorrect information instead of LFCU, such inference would be unwarranted and unreasonable because there are no alleged facts to provide support for it.[24]  Therefore, this claim fails at this stage.

### b. Chase Account

In regard to the Chase Account, although Plaintiff alleges that Experian has not corrected the inaccurate information provided by Chase, he alleges that "Chase received [Plaintiff's] disputes from . . . Experian."  Compl. ¶ 53.  There is no allegation in the Complaint that Experian failed to forward "all relevant information" to Chase beyond the recitation of the statutory language.  See id. ¶ 73.  Therefore, Plaintiff's claim against Experian alleging a violation of § 1681i(a)(2)(A) for its handling of the Chase Account is nothing more than a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," and it does not meet the standard to survive a 12(b)(6) motion.  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

### 4. 15 U.S.C. § 1681i(a)(5)(A) Claim

Plaintiff's fourth FCRA claim is that Experian violated § 1681i(a)(5)(A) "by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct

---

[24] In fact, another reasonable inference based on the allegations in the Complaint is that Experian did forward "all relevant information" to LFCU because Experian later corrected the information regarding the LFCU Account.

the inaccurate information upon reinvestigation" regarding both accounts. Compl. ¶ 74. As is detailed in section IV.C.2. of this Opinion and Order, if a consumer notifies a CRA that he/she disputes information in his/her file, "the agency shall . . . conduct a reasonable reinvestigation . . . before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681(i)(a)(1)(A). If the CRA's reinvestigation leads to a determination that the disputed information is in fact inaccurate, incomplete, or unverifiable, the CRA must "promptly delete . . . or modify" that information from the consumer's credit file. 15 U.S.C. § 1681i(a)(5)(A) (emphasis added).

### a. LFCU Account

With respect to the LFCU Account, Plaintiff alleges that Experian did delete the inaccurate information upon reinvestigation, Compl. ¶ 42, but that it did not do so promptly, id. ¶ 74. The bare recital of the elements of the cause of action is the only allegation in the Complaint alleging that Experian did not delete the inaccurate information regarding the LFCU Account promptly. See id. ¶ 74. Therefore, Plaintiff's claim against Experian alleging a violation of § 1681i(a)(5)(A) for its handling of the LFCU Account is nothing more than a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," and it does

37

not meet the standard to survive a 12(b)(6) motion.  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

Moreover, Experian's deletion of the information in the LFCU Account does appear to have been prompt.  Plaintiff alleges that he sent a letter disputing the accuracy of the LFCU Account on January 29, 2019.  Compl. ¶ 31.[25]  On March 2, 2019, Experian responded to the dispute letter "indicating that it had corrected the LFCU Account."  Id. ¶ 36.[26]  As Experian must have completed its reinvestigation sometime between receiving Plaintiff's letter and sending its own statement to Plaintiff that the information had been deleted, the deletion of the information on March 2 would have been at most a few weeks after the reinvestigation was complete, and likely even sooner.

### b. Chase Account

Regarding the Chase Account, Experian again argues that it never produced inaccurate information, and therefore Plaintiff cannot successfully allege a violation of § 1681i(a)(5)(A).  ECF No. 47, at 7 (A "[s]ection 1681i(a)(5)(A) claim requires an actual inaccuracy, which Plaintiff has failed to allege.").  The Court has already rejected such argument as Plaintiff has

---

[25] Experian attached the dispute letter to its motion to dismiss, and the letter was not postmarked until February 12, 2019.  ECF No. 47-1.  Assuming the letter was actually mailed on February 12, 2019, Experian's deletion was even more prompt.

[26] When Plaintiff next pulled his credit report on April 11, 2019 Experian had stopped reporting the LFCU Account inaccurately.  Id. ¶ 42.

sufficiently alleged that the report contained inaccurate information. However, this Court has also already explained in section IV.C.2.b. detailing the alleged 15 U.S.C. § 1681i(a)(1) violation in regard to the Chase Account that, based on the allegations in the Complaint, Experian would not have been able to see that the Chase Account was inaccurately reported during a reinvestigation. As such, Experian would be unable to "correct the inaccurate information upon reinvestigation." Compl. ¶ 74; cf. Price v. Trans Union, LLC, 737 F. Supp. 2d 281, 286-87 (E.D. Pa. 2010) (denying a summary judgment motion because there was a genuine issue of material fact regarding a possible § 1681i(a)(5)(A) violation where the plaintiff alleged that there were "various [inaccurate] items on her consumer report including a bankruptcy, various public records, credit accounts, and personal information" that the defendant could have determined to be inaccurate (and in fact did in one instance where the defendant "reinserted" a "previously deleted . . . inaccurate bankruptcy")). Therefore, Plaintiff fails to allege a 15 U.S.C. § 1681i(a)(5)(A) violation against Experian regarding the Chase Account.

## V. CONCLUSION

For the reasons stated above: (1) Chase's Motion to Dismiss is **DENIED**; (2) Plaintiff's Motion to Continue Chase's Motion for Summary Judgment is **GRANTED** and consideration of Chase's Motion

for Summary Judgment is **DEFERRED**; and (3) Experian's Motion to Dismiss is **GRANTED**.[27]   Additionally, as Plaintiff's Motion to Continue Chase's Motion for Summary Judgment is granted, Plaintiff's request for a hearing regarding Chase's Motion for Summary Judgment is **DENIED AT THIS TIME**.  ECF No. 67.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/

Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October   6  , 2020

---

[27] Because this Order dismisses all claims asserted against Experian, the Clerk is **DIRECTED** to terminate Experian as a Defendant in this action as of the date of entry of this Order. Pursuant to FRCP 54(a) and (b), the dismissal of Plaintiff's claims against Experian will not be a final judgment for purposes of appeal until the Court has also resolved Plaintiff's remaining claims against the remaining Defendant.